JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **2:20-cv-06331-RGK-PVC** | Date | July 21, 2020 |
|---|---|---|---|
| Title | ***THE BANK OF NEW YORK MELLON TRUST CO. NA v. MAYA NUDEL, et al*** | | |

Present: The Honorable   R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| Sharon L. Williams (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                  Not Present

**Proceedings:**          **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On July 16, 2020, Defendant Maya Nedel, representing herself in pro se, removed this action from state court.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

As to federal question, Defendant has not set forth any federal law or portions of the Constitution that have been violated. The Court's careful review of the action filed by The Bank of New York Mellon Trust Co. N.A. ("Plaintiff") on April 12, 2019, shows that Plaintiff raised no federal question therein. Plaintiff's complaint is a discrete action for Unlawful Detainer, which exclusively invokes authority pursuant to California statute. The complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Accordingly, any removal based on federal question jurisdiction is improper.

As to diversity jurisdiction, the complaint, on its face, states that the jurisdiction amount in controversy is under $10,000. Federal Jurisdiction based on complete diversity requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **2:20-cv-06331-RGK-PVC** | Date | July 21, 2020 |
|---|---|---|---|
| Title | ***THE BANK OF NEW YORK MELLON TRUST CO. NA v. MAYA NUDEL, et al*** | | |

Since the petition does not meet the jurisdictional threshold, removal based on diversity jurisdiction is also improper.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the state court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                              _____